**DeWOODY v UNDERWOOD et**

Ohio Appeals, 9th Dist, Summit Co.

No. 3171. Decided May 31, 1939.

**244**

Wade DeWoody, Dir. of Law, Akron, and Harold L. Mull, Asst. Dir. of Law, Akron, for appellant.

Walter S. Hutchison, Akron; W. M. Giffen, Akron; Thomas M. Powers, Akron, and Roy B. Meade, Akron, for appellees.

## OPINION

By WASHBURN, PJ.

This controversy is before the court upon an appeal on questions of law.

In a declaratory judgment proceedings the trial court determined that, under an amendment of the city charter of Akron adopted November 2, 1937, assistant law directors and police prosecutors, appointed by the director of law of the city in accordance with the provisions of the charter, were within the classified civil service and subject to the civil service provisions of the charter.

For the purposes of this opinion, it is assumed that said amendment of the charter accomplished the result declared if the people of the City of Akron had authority under the Home Rule amendment of the constitution of the state of Ohio to place assistant law directors in the classified service of the city.

It is contended on the one hand that the people had such right, and, on the other hand, that, because of the provisions of the constitution of the state of Ohio in reference to civil service and the laws passed in pursuance thereof by the legislature of the state of Ohio, the people of the City of Akron did not have such right.

If the people of the City of Akron had such right, it was by virtue of the Home Rule Amendment of the Constitution of Ohio. Such Home Rule Amendment (**Art. XVIII**) contains the following provisions:

"Section 7. Any municipality may frame and adopt or amend a charter for its government and may, **subject to the provisions of section 3 of this article**, exercise thereunder all powers of local self-government." (Emphasis ours).

"Section 3. Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The subject-matter of the controversy is one of local self-government and is such a power as is described in said constitutional provisions, and it is conceded that, in the absence of such constitutional provisions the people of the City of Akron, in view of the state statutes relating to civil service, would have no right to exercise the power of including the assistant law directors in the classified civil service of the City of Akron, unless it is practicable to determine the merit and fitness of assistant law directors by competitive examinations by civil service commissioners.

It is to be noted that the powers of local self-government granted by **Sec. 7 of Art. XVIII** are limited by the above-quoted **Sec. 3 of Art. XVIII,** and such powers must, of course, be such as are not in conflict with any other provision of the Constitution of the State of Ohio. .

The Constitution of the State of Ohio on the subject of civil service provides, in **Sec. 10 of Art. XV of the Constitution,** as follows: "Appointments and promotions in the civil service of the state, the several counties, and **cities,** shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision." (Emphasis ours).

In obedience to the mandate of this provision, the legislature of the State of Ohio enacted a general law applying throughout the state, including municipalities, providing that the competitive class of the classified service of the civil service should include "all positions and employments * * * for which it is practicable to determine the merit and fitness of applicants by competitive examinations."

**Sec. 486-8 GC, subdivison (b) 1.**

Said constitutional provision as to civil service and the aforementioned law passed by the legislature in obedience thereto have been construed by tne Supreme Court as excluding from the civil service of the state positions for which it is not practicable to determine the merit and fitness of applicants by competitive examinations, and the Supreme Court and other courts have repeatedly held that whether a particular position "is such position as contemplated by the constitution and the legislation enacted pursuant thereto, in regard to the impracticability of ascertaining merit and fitness by competitive examination, becomes necessarily a judicial one." **State, ex rel Bryson v Smith, Secy. of State, 101 Oh St. 203, at p. 210.**

See also—

**State ex Day etc. v Emmons, et, etc. 125 Oh St 19.**

**State ex Ryan v Kerr, Dir., 126 Oh St 26.**

**McKee, Commr. of Accounts, et v State ex Scobell, etc., 127 Oh St 589.**

Regarding the judicial question as to whether the positions of assistant law directors are positions for which it is practicable to determine the merit and fitness of applicants by competitive examinations, we are in accord with the views expressed in the opinions of the Supreme Court and other courts of Ohio on that general subject, and accordingly hold that it is not practicable to determine the merit and fitness of applicants for the positions of assistant law directors by competitive examinations given by civil service commissioners.

In the last case hereinbefore cited, we have had access to the brief filed in the Supreme Court by the firm of Baker, Hostetler, Sidlo & Patterson, wherein many of the cases bearing upon this subject are set forth and ably discussed. See also **State ex Votaw v Matia, Dir., etc. 43 Oh Ap 279.**

In a very recent case determined by the Court of Appeals of the First Appellate District, sitting by designation in this county, that court, speaking through Judge Matthews in an exceptionally able and comprehensive opinion (**Underwood et v Isham, Judge et, 28 Abs 440**), reached the conclusion that the civil service provisions of the charter of the City of Akron involved in the instant case were inoperative as to bailiffs, deputy baliffs, deputy clerks, cashiers, and stenographers of the clerk's office of the Municipal Court of Akron, because those provisions were in conflict with an act of the legislature of the State of Ohio relating to the subject therein under consideration; and that decision the Supreme Court refused to admit for review.

Notwithstanding what is said in the opinion in the case of **State ex Lentz, etc. v Edwards et, 90 Oh St 305,** and the obiter dictum statement of Judge Stevenson in **State ex Ryan v Kerr, Dir., etc., 126 Oh St 26, at p. 31,** wherein it is said that "We are not unmindful that where the city charter and the

General Code conflict, if both are constitutional, the General Code must give way," we are of the opinion that the Supreme Court cases cited and considered in Judge Matthews' opinion support the proposition of law that a provision of a charter city relative to civil service which is in conflict with a state law is inoperative.

It is apparent from a reading of the aforementioned and other cases, that some, if not many, of the judges participating therein are of the opinion that the constitutional provision on civil service itself should be construed as confining the civil service of the state to positions for which it is practicable to determine the merit and fitness of applicants by competitive examinations; which view, if adopted, would, of course, preclude the people of the City of Akron from including, in the classified service, positions for which it is not practicable to determine the merit and fitness of applicants by competitive examinations. As has been said, we are inclined to that view, but in this case we hold that taking into consideration the provisions of the constitution, and the laws passed by the legislature in obedience thereto, the provision of the Akron charter which includes assistant directors of law and police prosecutors within the classified service of the city is inoperative because the Constitution of Ohio and the laws passed by the legislature of Ohio relating to civil service limit the civil service of the state and its municipalities to positons for whch it is practicable to determine merit and fitness by competitive examinations.

The declaratory judgment rendered by the Common Pleas Court in this case is reversed, and final judgment is awarded in this court in accordance with this opinion.

DOYLE, J., and STEVENS, J., concur.